JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, State of Ohio ("State"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse the trial court's decision and remand to the lower court.
 {¶ 2} The Cuyahoga County Grand Jury indicted defendant-appellee, Daniel Wain ("Wain"), on June 15, 2005 with one count of domestic violence, in violation of R.C. 2919.25. The indictment further alleged that Wain had a prior conviction for domestic violence, having been convicted of the offense in Cleveland Municipal Court on February 3, 1993.
 {¶ 3} On July 13, 2005, Wain filed a motion to dismiss based on unconstitutionality of statute, alleging that R.C. 2919.25 was unconstitutional under Section 11, Article XV, of the Ohio Constitution. The State filed a brief in opposition to his motion on July 26, 2005. On August 23, 2005, the trial court granted Wain's motion in part, amending the indictment from domestic violence to assault, a violation of R.C. 2903.13, based on a finding that Wain was neither married nor had a child with the victim. The court noted the State's objection and stayed its ruling pending appeal. The State filed its notice of appeal on August 31, 2005.
 I. {¶ 4} Appellant's assignment of error states the following: "The trial court erred in finding the domestic violence statute unconstitutional and amending indictment to assault based on finding that defendant was neither married nor had a child with victim."
 II. {¶ 5} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage." Section 11, Article XV, Ohio Constitution.
 {¶ 6} Ohio's domestic violence statute, R.C. 2919.25, provides in pertinent part as follows:
"(A) No person shall knowingly cause or attempt to causephysical harm to a family or household member.
* * *
(F) As used in this section and sections 2919.251 [2919.25.1]and 2919.26 of the Revised Code:
 (1) `Family or household member' means any of the following:
 (a) Any of the following who is residing or has resided withthe offender:
 (i) A spouse, a person living as a spouse, or a former spouseof the offender;
 (ii) A parent or a child of the offender, or another personrelated by consanguinity or affinity to the offender;
 (iii) A parent or a child of a spouse, person living as aspouse, or former spouse of the offender, or another personrelated by consanguinity or affinity to a spouse, person livingas a spouse, or former spouse of the offender.
 (b) The natural parent of any child of whom the offender isthe other natural parent or is the putative other naturalparent.
 (2) `Person living as a spouse' means a person who is livingor has lived with the offender in a common law maritalrelationship, who otherwise is cohabiting with the offender, orwho otherwise has cohabited with the offender within five yearsprior to the date of the alleged commission of the act inquestion."
 {¶ 7} The State argues that the trial court erred in finding the domestic violence statute unconstitutional and amending the indictment to assault based on the finding that Wain was neither married nor had a child with the victim. We find merit in appellant's argument. Our court recently addressed this issue inState v. Burk, Cuyahoga App. No. 86162, 2005-Ohio-6727. InBurk, we found that the "threshold determination of whether any individuals fall within the definition of `family or household member' is whether they reside with or have resided with the offender." Id. at 12.
 {¶ 8} Burk further provided the following:
"We hold that Ohio's domestic violence statute, insofar as itdefines `family or household member' to include unmarriedindividuals who live as spouses, is constitutional and coexistsin harmony with Issue 1. As a result, the trial court's decisiongranting in part Burk's motion to dismiss is reversed, Burk'soriginal indictment for domestic violence is reinstated, and thecase is remanded to the trial court for further proceedingsconsistent with this opinion."
 {¶ 9} The record in the case at bar reflects that the trial court found the domestic violence statute unconstitutional and amended the indictment to assault based on a finding that Wain was neither married nor had a child with the victim.
 {¶ 10} Based on our holding in Burk, this case is reversed and remanded to the trial court. The trial court's decision granting Wain's motion to dismiss is reversed, Wain's original indictment for domestic violence is reinstated, and this case is remanded. Specifically, the trial court must now make a factual finding as to whether Wain and the victim resided with each other on the date of the offense or prior to the date of the offense in order to determine whether these individuals fall within the definition of "family or household member."
 {¶ 11} Accordingly, appellant's assignment of error is sustained.
 {¶ 12} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs; Karpinski, P.J., Concurs with separateConcurring Opinion.
 CONCURRING OPINION